IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

ST. JOHN'S HOSPITAL of the )
HOSPITAL SISTERS of the )
THIRD ORDER )
OF ST. FRANCIS, )
                              )
        Plaintiff, )
                              )
    v.                        )   No. 15-cv-3292
                              )
NATIONAL GUARDIAN RISK )
RETENTION GROUP, INC., )
EMERGENCY CONSULTANTS, )
INC., CENTRAL ILLINOIS )
EMERGENCY PHYSICIANS, )
P.C., a/k/a CENTRAL ILLINOIS )
EMERGENCY PHYSICANS, )
LLP, JAMES M. JOHNSON, )
M.D., ROBERT M. WILLIAMS, )
M.D., and DERIK K. KING, M.D., )
                              )
        Defendants. )

## OPINION

THOMAS P. SCHANZLE-HASKINS, U.S. MAGISTRATE JUDGE:

This matter has been referred to this Court for a Report and

Recommendation on Defendant National Guardian Risk Retention Group,

Inc. (National Guardian) Motion to Dismiss (d/e 34) (Motion 34) and

Defendants Emergency Consultants, Inc. (Emergency Consultants),

Central Illinois Emergency Physicians P.C., a/k/a Central Illinois

Emergency Physicians, LLP (Emergency Physicians), James A. Johnson,

M.D., Robert M. Williams, M.D., and Derik K. King, M.D.'s Motion to Dismiss (d/e 35) (Motion 35). Text Order entered December 2, 2015. The Court has carefully reviewed the Complaint (d/e 1), the Motions, and the Plaintiff St. John's Hospital of the Hospital Sisters of the Third Order of St. Francis' (St. John's) Combined Response (d/e 37) (Response). The Court questions its jurisdiction to hear this case. The Court must raise questions of subject matter jurisdiction sua sponte when the Court identifies such issues. See e.g., Joyce v. Joyce, 975 F.2d 379, 386 (7th Cir. 1992).

The Court first questions whether St. John's has standing to bring this action. It is unclear to the Court whether St. John's has alleged an injury in fact. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992). The case concerns whether the Defendants committed various wrongful acts to reduce or attempt to reduce aggregate insurance coverage from $3,000,000.00 to $1,000,000.00 for losses from a pending medical malpractice action filed by two individuals named Patricia and Robert Fugate (Fugate Litigation). St. John's is one of the defendants in the Fugate Litigation. The Complaint alleges St. John's injury from the alleged wrongful conduct as follows:

> [T]he plaintiff stands to be damaged because it can be held vicariously liable and subject to satisfaction of a judgment by Patricia and Robert Fugate in excess of the claimed $1,000,000 aggregate coverage.

Complaint, ¶ 33.  The Complaint does not allege that a judgment has yet been entered against St. John's in the Fugate Litigation.  The parties have not briefed whether the alleged injury is sufficient to constitute an injury in fact necessary to establish St. John's standing to bring this action.

Additionally, the Fugate Litigation plaintiffs have now settled their claims against St. John's.  Motion to Dismiss (d/e 35), Exhibit A, Fugate Litigation Settlement Dismissal Order entered June 22, 2015 (Fugate Dismissal Order).  The Court may take judicial notice of matters of public record such as the Fugate Dismissal Order without converting the Motion into a motion for summary judgment.  See Ennenga v. Starns, 677 F.3d 766, 773-74 (7th Cir. 2012); Henson v. CSC Credit Services, 29 F.3d 280, 284 (7th Cir. 1994).  The record before the Court does not indicate the amount of the settlement.  The parties have not briefed what, if any, effect this settlement has on St. John's standing.

The Court further questions whether this Court has diversity jurisdiction over the state law claims in this case.  Counts II and III are state law claims for fraud and conspiracy.  St. John's alleges that this Court has diversity jurisdiction as an alternate grounds for jurisdiction to hear these

claims.[1]  Complaint, ¶ 1.  The Plaintiff, however, fails to allege facts to establish diversity jurisdiction.  St. John's alleges that Emergency Physicians is an Illinois limited liability partnership.  Complaint, ¶ 5.  A partnership is a citizen in every state in which a general or limited partner is a citizen.  See Belleville Catering Co. v. Champaign Market Place, L.L.C., 350 F.3d 691, 692 (7th Cir. 2003).  St. John's does not allege the citizenship of every partner of Emergency Physicians for diversity jurisdiction purposes.

THEREFORE, this Court directs the parties to file simultaneous briefing addressing whether Plaintiff St. John's has alleged facts to establish standing to bring this action.  The initial memoranda shall be filed by January 29, 2016, and any response memoranda shall be filed by February 5, 2016.  The Court further directs Plaintiff St. John's to file a supplemental pleading by January 29, 2016, alleging the citizenship of each partner of Defendant Emergency Physicians.

ENTER:  January 15, 2016

          *s/ Tom Schanzle-Haskins*
         UNITED STATES MAGISTRATE JUDGE

---

[1] This Court has federal question jurisdiction over Count I, which is a claim under the Racketeering Influenced and Corrupt Organization Act (RICO Act), 18 U.S.C. § 1961 et seq.  If the Plaintiff states a claim under RICO, then this Court has supplemental jurisdiction over Counts II and III.  The question of diversity jurisdiction will arise if Count I is dismissed and the Court declines to exercise supplemental jurisdiction over the remaining claims.  See 28 U.S.C. § 1367(c)(3).