IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS SPRINGFIELD DIVISION

ST. JOHN'S HOSPITAL of the )
HOSPITAL SISTERS of the )
THIRD ORDER )
OF ST. FRANCIS, )
PATRICIA FUGATE, and )
ROBERT FUGATE, )
                              )
     Plaintiffs, )
                              )
  v. )    No. 15-3292
                              )
NATIONAL GUARDIAN RISK )
RETENTION GROUP, INC., )
EMERGENCY CONSULTANTS, )
INC., CENTRAL ILLINOIS )
EMERGENCY PHYSICIANS, )
P.C., a/k/a CENTRAL ILLINOIS )
EMERGENCY PHYSICANS, )
LLP, JAMES M. JOHNSON, )
M.D., ROBERT M. WILLIAMS, )
M.D., and DERIK K. KING, M.D., )
                              )
     Defendants. )

OPINION

TOM SCHANZLE-HASKINS, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on Defendants' Motions to Disqualify Plaintiffs' counsel Keefe & Keefe, P.C. (Keefe & Keefe) (d/e 54 & 56). Defendants argue that Keefe & Keefe have a conflict of interest. Keefe & Keefe represents Plaintiffs Patricia Fugate and Robert Fugate in a

companion case in Macoupin County, Illinois, Circuit Court, docket number 2001-L-27 (State Court Action).  Drs. Aamir Banday, Elizabeth McDaniel, and John Byrne are defendants in the State Court Action.  Drs. Banday, McDaniel, and Byrne have assigned to the Plaintiffs in this case any claims they may have against the Defendants in this case.  See Second Amended Complaint (d/e 50) (Complaint), ¶ 3 and Group Exhibit C.  The Plaintiffs in this case are now asserting Drs. Banday, McDaniel, and Byrne's claims against the Defendants for breach of contract and breach of fiduciary duty.  Complaint, Counts IV and V.  The Defendants move to disqualify Keefe & Keefe from this case on the grounds that Keefe & Keefe has a conflict of interest by asserting the assigned claims from Drs. Banday, McDaniel, and Byrne while representing the Plaintiffs in the State Court Action against Drs. Banday, McDaniel, and Byrne.

No conflict of interest exists.  The Illinois Rules of Professional Conduct state that a conflict exists if: (1) the representation of one client will be directly adverse to another client; or (2) a significant risk exists that representation of one or more clients will be materially limited by the lawyer's responsibility to another client, a former client or a third person or by a personal interest of the lawyer.  Illinois Supreme Court Rule of Professional Conduct 1.7; Local Rule 83.6(D).  Plaintiffs correctly note that

Drs. Banday, McDaniel, and Byrne are not clients of Keefe & Keefe in either this action or the State Court Action.  The Plaintiffs St. John's Hospital of the Hospital Sisters of the Third Order of St. Francis and Patricia and Robert Fugate are Keefe & Keefe's clients in this action.   The Plaintiffs are pursuing the claims assigned by Drs. Banday, McDaniel, and Byrne.  Drs. Banday, McDaniel, and Byrne no longer have an interest in those claims and are not parties in this action.  Keefe & Keefe's clients in this action have no conflict with Keefe & Keefe's clients in the State Court Action, Plaintiffs Patricia and Robert Fugate.  The request to disqualify counsel is denied.

 THEREFORE, the Motion to Disqualify Keefe & Keefe, P.C. (d/e 54) and National Guardian Risk Retention Group, Inc.'s Motion to Join Defendants' Motion to Disqualify (d/e 56) are DENIED.

 ENTER:  May 12, 2016

     *s/ Tom Schanzle-Haskins*
     UNITED STATES MAGISTRATE JUDGE