# IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### SPRINGFIELD DIVISION

| | | |
|---|---|---|
| ST. JOHN'S HOSPITAL OF THE HOSPITAL SISTERS OF THE THIRD ORDER OF ST. FRANCIS, PATRICIA FUGATE, and ROBERT FUGATE, | ) ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | No. 15-3292 |
| NATIONAL GUARDIAN RISK RETENTION GROUP, INC., EMERGENCY CONSULTANTS, INC., CENTRAL ILLINOIS EMERGENCY PHYSICIANS, P.C., a/k/a CENTRAL ILLINOIS EMERGENCY PHYSICIANS, LLP, JAMES M. JOHNSON, M.D., ROBERT M. WILLIAMS, M.D., and DERIK K. KING, M.D., | ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

## ORDER

**SUE E. MYERSCOUGH, U.S. District Judge.**

This cause is before the Court on the Objections to the June 1, 2016 Report and Recommendation (d/e 62) filed by Defendants Emergency Consultants, Inc., Central Illinois Emergency

Physicians, P.C. a/k/a Central Illinois Emergency Physicians, LLP, James A. Johnson, M.D., Robert M. Williams, M.D., and Derik K. King M.D. (the Medical Defendants) and Objections to Magistrate's Report and Recommendation (d/e 63) filed by Defendant National Guardian Risk Retention Group, Inc.  The Court has reviewed the Report and Recommendation, the Second Amended Complaint, the Motions to Dismiss and responses thereto, and the objections filed by Defendants.  The objections are overruled in part and sustained in part.  The Court adopts the Report and Recommendation with the exception of Footnote 5.

## I. LEGAL STANDARD

This Court reviews de novo any part of the Report and Recommendation to which a proper objection has been made.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).  This Court reviews findings of the Report and Recommendation to which no objection has been made for clear error.  Johnson v. Zema Sys. Corp., 170 F.3d 734, 739 (7th Cir. 1999).  Upon review of the Report and Recommendation, this Court may accept, reject, or modify the recommended disposition; receive further evidence; or recommit

the matter to the magistrate judge with instructions.  28 U.S.C.
§ 636(b)(1); Fed. R. Civ. P. 72(b)(3).

## II. ANALYSIS

In March 2016, Plaintiffs St. John's Hospital of the Hospital
Sisters of the Third Order of St. Francis, Patricia Fugate, and
Robert Fugate filed a Second Amended Complaint alleging
violations under the Racketeer Influenced and Corrupt
Organizations Act (RICO) and state law claims for fraud,
conspiracy, breach of contract, and breach of fiduciary duty.  The
litigation centers around National Guardian,  Emergency
Consultants, Inc., and Central Illinois Emergency Physicians,
P.C.'s position that the applicable coverage for the Fugate's state
court medical malpractice action is $1 million total rather than $1
million for each of the allegedly responsible physicians—Drs.
Elizabeth McDaniel, Aamir Banday, and John Byrnes.  The
physicians assigned their interests in any cause of action to
Plaintiffs.   Defendants filed motions to dismiss.

On June 1, 2016, United States Magistrate Judge Tom
Schanzle-Haskins issued a Report and Recommendation (d/e 61)
recommending that the motions to dismiss be granted in part and

that Plaintiffs be granted leave to replead the state law claims. Specifically, Judge Schanzle-Haskins found that Plaintiffs failed to state a claim for a RICO violation in Count I because Plaintiffs failed to allege a pattern of racketeering activity.  Judge Schanzle-Haskins recommended that Count I be dismissed with prejudice.

Believing that Plaintiffs might be able to allege diversity jurisdiction regarding the remaining state law claims, Judge Schanzle-Haskins reviewed those claims.  Judge Schanzle-Haskins found that Plaintiffs failed to state a claim for fraud, civil conspiracy, breach of contract, and breach of fiduciary duty. Judge Schanzle-Haskins recommended, however, that the state law claims be dismissed with leave to replead.

Despite the fact that they substantially succeeded on their motions to dismiss, Defendants filed objections to the Report and Recommendation (d/e 62) (d/e 63).  Plaintiffs have filed neither objections nor responses to Defendants' objections.

In its Objection, National Guardian argues that this Court should decline to exercise jurisdiction over the state law claims, that a claim for breach of the policy is premature, and that National Guardian owes no duty to indemnify without a finding of

fault or an adverse verdict against National Guardian's insureds, Drs. McDaniel, Banday, and Byrnes. National Guardian's Objections are overruled.

In the Second Amended Complaint, Plaintiffs allege that this Court has jurisdiction over the state law claims under either supplemental jurisdiction (28 U.S.C. § 1367) or diversity jurisdiction (28 U.S.C. § 1332). See Sec. Am. Compl. ¶ 1. Had Plaintiff only alleged supplemental jurisdiction, the Court would likely relinquish jurisdiction over the state law claims. See 28 U.S.C. § 1367(c) (a court may decline to exercise supplemental jurisdiction over a claim if the court dismisses all claims over which it has original jurisdiction). However, Plaintiffs also alleged diversity jurisdiction, although they failed to allege the citizenship of the newly added Plaintiffs Patricia and Robert Fugate. The Court finds that granting Plaintiffs leave to replead diversity would not be futile, as the Fugates are likely Illinois citizens (and not citizens of the same states as Defendants) and the amount in controversy exceeds $75,000. Therefore, Plaintiffs should be granted at least one opportunity to replead, particularly in light of the fact that the Fugates were not added as plaintiffs to the lawsuit

until the filing of the Second Amended Complaint.  <u>See</u>, <u>e.g.</u>, <u>Foster v. DeLuca</u>, 545 F.3d 582, 584 (7th Cir. 2008) (courts generally give plaintiffs at least one opportunity to amend the complaint).

As for National Guardian's other objections, the Court finds, as Judge Schanzle-Haskins did, that the Second Amended Complaint does not state a claim on any of the state law counts, including the breach of contract challenged by National Guardian. However, Plaintiffs should be granted the opportunity to plead facts that give fair notice of the alleged damages from the alleged breach.  National Guardian's arguments can be raised in a motion to dismiss if and when Plaintiffs file a Third Amended Complaint.

In their Objections, the Medical Defendants object to Judge Schanzle-Haskins statement in Footnote 5 that Plaintiffs alleged that Defendants engaged in commercial bribery because Plaintiffs only alleged a "to-be-offered inducement," meaning that no bribe had been offered or attempted.  <u>See</u> Obj. ¶¶ 5, 6 (d/e 62).  The Medical Defendants also argue that Judge Schanzle-Haskins incorrectly found in Count V, the breach of fiduciary duty claim, that Plaintiffs should be granted leave to allege that the doctors who allegedly committed malpractice paid money to settle the

claims because the document assigning the doctors' claims to St. John's Hospital shows they paid no money to settle the claims. Finally, the Medical Defendants argue that Judge Schanzle-Haskins improperly found that St. John's Hospital is an insured under the National Guardian Policy.

The Medical Defendants' objections are sustained in part and overruled in part.  Judge Schanzle-Haskins recommended that Count I be dismissed with prejudice for failure to allege a pattern of racketeering activity, and Plaintiffs have not objected to that recommendation.  The statements in Footnote 5 regarding whether Plaintiffs alleged facts that plausibly constitute a conspiracy were unnecessary to Judge Schanzle-Haskins' ultimate conclusion.  In light of the Medical Defendants' objection to Footnote 5, this Court will adopt the Report and Recommendation with the exception of Footnote 5.

The Medical Defendants' other two objections are overruled. The Court finds, as Judge Schanzle-Haskins did, that the Second Amended Complaint does not state a claim on any of the state law counts, including breach of fiduciary duty and breach of contract. The Medical Defendants' additional arguments for why these

counts fail to state a claim can be raised in a motion to dismiss if and when Plaintiffs filed a Third Amended Complaint.

THEREFORE, for the reasons stated, the Court ADOPTS the Report and Recommendation (d/e 61) of Judge Schanzle-Haskins, with the exception of Footnote 5.  Defendant National Guardian Risk Retention Group, Inc.'s Motion to dismiss Plaintiffs' Second Amended Complaint (d/e 55) and Defendants' Rule 12(b)(6) motion to Dismiss Plaintiffs' Second Amended Complaint (d/e 53) are GRANTED IN PART.  Count I of the Second Amended Complaint is DISMISSED with prejudice.  Counts II through V are DISMISSED without prejudice and with leave to replead.  Plaintiffs shall file a Third Amended Complaint, if any, on or before September 6, 2016.

ENTER: August 23, 2016

FOR THE COURT:

     s/Sue E. Myerscough
    SUE E. MYERSCOUGH
    UNITED STATES DISTRICT JUDGE