E-FILED
Friday, 29 March, 2019 02:36:37 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| ST. JOHN'S HOSPTIAL OF THE HOSPITAL SISTERS OF THE THIRD ORDER OF ST. FRANCIS, PATRICIA FUGATE and ROBERT FUGATE, <br><br> Plaintiffs, <br><br> v. <br><br> NATIONAL GUARDIAN RISK RETENTION GROUP, INC., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No. 15-3292 |

## OPINION

RICHARD MILLS, United States District Judge:

Pending is the Plaintiffs' motion for default judgment.

Pending also is the Defendant's motion to dismiss Count IV or, in the alternative, transfer to Michigan pursuant to the choice of law forum section of the insurance contract.

### I.

On May 17, 2018, the Court entered an Order dismissing each count of the Plaintiffs' Third Amended Complaint except for Count IV. Count IV is a breach of contract action.

1

Although the Plaintiffs are not a party to the insurance policy, the Court assumed that the assignment of interests of Elizabeth McDaniel, M.D., Aamir Banday, M.D. and John Byrnes, M.D., to St. John's Hospital, Patricia Fugate and Robert Fugate provided the Plaintiffs with standing to allege a breach of contract action against National Guardian. Drs. McDaniel, Banday and Byrnes were at all times relevant Additional Named Insureds on the National Guardian Risk Retention Group Policy, Policy Number PL 1021.

The Plaintiffs allege the policy was a valid contract. The Plaintiffs and the assignors performed their obligations under the policy. By refusing to cover each Additional Named Insured at $1,000,000 each and refusing to provide $3,000,000 in aggregate coverage in violation of Section 3A of the policy, the Plaintiffs claimed that Defendant National Guardian breached the policy.

The Court concluded that the language of the policy was susceptible to more than one meaning and that Plaintiffs had asserted a plausible claim. In a sealed exhibit [d/e 70] to their Third Amended Complaint, St. John's alleges that it did incur damages in executing a settlement in the Fugate litigation. St. John's further asserts that by denying insurance coverage, National Guardian

breached the insurance policy. The Court concluded that Plaintiff's breach of contract claim is ripe and denied the motion to dismiss.

Following the Court's Order denying the motion to dismiss, United States Magistrate Judge Tom Schanzle-Haskins ordered the Defendant to file an answer to Count IV of the Third Amended Complaint on or before August 1, 2018. On August 1, 2018, the Court allowed the Defendant's motion for extension of time to file an answer pending the Court's ruling on Plaintiff's request for a protective order. It does not appear that another deadline was set for Defendant to file an answer.

On August 31, 2018, the Defendant filed its fourth motion to dismiss. On September 14, 2018, the Plaintiffs filed their motion for default judgment.

II.

The Plaintiffs move for default judgment as to Count IV because Defendant National Guardian did not file an answer to Plaintiffs' Third Amended Complaint. However, the Defendant was granted an extension of the August 1, 2018 deadline. No other deadline was set before National Guardian filed its motion to dismiss. Accordingly, the Court is unable to conclude that default judgment under Federal Rule of Civil Procedure 55(b)(2) is warranted and Plaintiffs' motion for default judgment is denied.

3

National Guardian has moved again to dismiss Count IV or, in the alternative, transfer the case to the Western District of Michigan pursuant to the choice of law forum section of the insurance contract. Since the last motion to dismiss, the Plaintiffs on June 14, 2018 produced St. John's Hospital's Settlement/Release pursuant to a confidentiality order. *See* Doc. No. 101. National Guardian alleges the Court's previous Order was based on erroneous information "intimated by Plaintiffs" and the "Settlement/Release" clarifies the issue.

National Guardian alleges the Additional Named Insureds were not a party to St. John's Settlement/Release and they never settled the underlying *Fugate* litigation as improperly alleged by Plaintiffs. The Additional Named Insureds were actually dismissed from the *Fugate* litigation. Attached as an exhibit to the Defendant's motion is an August 22, 2016 Order of the Honorable Kenneth R. Deihl, Circuit Court, Seventh Judicial Circuit, Macoupin County, Illinois, dismissing Drs. McDaniel, Byrnes and Banday with prejudice.

National Guardian asserts that because there was no obligation to pay or damages incurred as to its Additional Named Insureds in the *Fugate* litigation, they could never transfer such an obligation or damages to Plaintiffs. National

Guardian claims the fact that St. John's Hospital elected to settle for its own risk and that the Fugates subsequently dismissed the physicians from the underlying *Fugate* litigation has no legal bearing on National Guardian or its insureds. St. John's unilateral settlement is irrelevant as it relates to National Guardian's Insurance policy or its insureds.

National Guardian alleges that, when the recently disclosed Settlement/Release is considered along with the Releases signed by National Guardian's Additional Named Insureds (Doc. No. 69, Ex. C), it is apparent that Plaintiffs' breach of contract claim in Count IV is legally flawed and cannot be sustained, given that there was no underlying breach of contract action as the physician insureds were impermissibly dismissed having never made a payment. National Guardian contends St. John's Hospital is attempting to impermissibly bootstrap its own settlement obligation it has with the Fugates [Doc. No. 101] into the rights and obligations it was assigned as part of its Assignment Agreements with National Guardian's Additional Named Insureds, as reflected in Exhibit C. According to National Guardian, St. John's Hospital's rights are limited to what was assigned by the insured physicians.

"A motion under Rule 12(b)(6) can be based on the complaint itself, documents attached to the complaint, documents that are critical to the

5

complaint and referred to in it, and information that is subject to proper judicial notice." *Geinosky v. Cocuity of Chicago*, 675 F.3d 743, 745 n.1 (7th Cir. 2012). If additional materials are relied upon, the motion must be converted to one for summary judgment under Rule 56. *See id.* (citing Fed. R. Civ. P. 12(d)).

National Guardian has relied on certain documents that can be considered in resolving a motion under Rule 12(b)(6). These documents include the exhibits to the Plaintiff's third amended complaint [Doc. No. 69, Ex. C; Doc. No. 70] and Judge Deihl's Order, which is attached to the Defendant's motion and could be subject to proper judicial notice. However, National Guardian relies primarily on its interpretation of a document produced in discovery. Accordingly, the Court concludes that if National Guardian intends to rely on a document outside the pleadings, it should have filed a properly supported summary judgment motion.

St. John's Hospital has responded in only a general sense to National Guardian's argument regarding the Release between St. John's and the Fugates. St. John's states that there is a potential question of fact and extrinsic evidence may be necessary to resolve the question. St. John's alleges that the terms of the Release do not contradict the allegations in Plaintiffs' Third

6

Amended Complaint, or the terms of the Assignment Agreements between the Physician Defendants and St. John's Hospital and Fugates. The Court concludes that St. John's should have an opportunity to file an appropriate response.

Rather than converting the motion to dismiss to one for summary judgment pursuant to Federal Rule of Civil Procedure 12(c), the Court will deny the motion to dismiss and grant the Defendant leave to file a motion for summary judgment.

Ergo, the Plaintiffs' motion for a default judgment [d/e 106] is DENIED.

The Defendant's motion to dismiss [d/e 104] is DENIED.

The Defendant is granted leave to file a motion for summary judgment within 14 days that is based on the arguments contained in its motion to dismiss.

Alternatively, the parties shall submit a proposed revised scheduling order within 14 days, as previously ordered by United States Magistrate Judge Tom Schanzle-Haskins.

ENTER: March 29, 2019

    FOR THE COURT:  /s/ *Richard Mills*
Richard Mills
United States District Judge